UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re
SHARI L. GARCIA,
          Debtor.                           No. 13-05-13996 SA

**MEMORANDUM OPINION ON MOTION TO
RECONSIDER DISMISSAL OF CASE**

     This matter is before the Court on Shari L. Garcia's
("Debtor") Motion to Reconsider Dismissal of Case (doc 71) and
the objection thereto filed by the Trustee (doc 73).  For the
reasons set forth below, the Motion will be denied.  This is a
core proceeding.  28 U.S.C. § 157(b)(2)(A).

**FACTS**

     This case was filed on May 18, 2005, pre-BAPCPA.  Debtor
filed her statements and schedules on June 1, 2005 (doc 6) and
her Chapter 13 Plan on June 2, 2005 (doc 8).  New Mexico Taxation
and Revenue filed an objection to confirmation on June 1, 2005
(doc 5) and the Trustee filed an objection on June 23, 2005 (doc
11).  On October 21, 2005, a stipulated Order Amending and
Confirming Chapter 13 Plan was entered.  (Doc 19).  This Order
confirmed the Plan as modified to increase the plan payments and
to further increase payments if income increased over a certain
amount.

     On February 5, 2007, Trustee filed a Motion to Dismiss Case
for Failure to Make Plan Payments of approximately $2,812 (doc
26), to which the Debtor objected (doc 28) stating her intention
to become current.  The Court conducted a preliminary hearing on

April 5, 2007, and ordered the Debtor to amend Schedules I and J and to modify her plan by April 13, 2007.  The Court continued the dismissal motion to a hearing on the motion to modify.  On April 13, 2007, Debtor filed her amended schedules and a Motion to Modify Plan (docs 31 and 32).  On May 22, 2007, the Court entered an Order Granting the Motion to Modify Confirmed Chapter 13 Plan (doc 37).  The Modification increased the plan payment and extended the life of the plan.  On May 31, 2007, the Trustee's Motion to Dismiss was denied as moot.  (Doc 39).

On May 21, 2008, the Trustee filed her second Motion to Dismiss Case for Failure to Make Plan Payments in the approximate amount of $2,450 (doc 41), to which the Debtor objected (doc 43), stating her intention to become current.  The Court set the final hearing on the second Motion to Dismiss for September 30, 2008. On August 16, 2008, Debtor filed her second Motion to Modify Plan (doc 48), to which the Trustee objected (doc 50).  The September 30, 2008 hearing was continued to October28, 2008.  On October 28, 2008 the parties submitted a Stipulated Order Granting the second Motion to Modify. (Doc 55).  This modification calls for wage withholding of the plan payments.  On October 29, 2008, the parties submitted a stipulated Order Denying Trustee's second Motion to Dismiss as moot.  (Doc 56).

On August 19, 2009, Trustee filed her third Motion to Dismiss for Failure to Make Plan Payments.  (Doc 60).  The Debtor

objected, citing unforseen medical and household expenses, and stated her intention to become current. (Doc 63). On October 16, 2009, Debtor and Trustee submitted a Stipulated Order Resolving Trustee's third Motion to Dismiss ("Stipulated Order") (doc 66). This Order stipulated that Debtor was $2,527 in arrears as of that date. It called for a plan payment of $987 beginning October 18, 2009 through the end of the plan. Debtor agreed to enter into a wage withholding order within 30 days.[1] The parties expressly agreed that if the debtor did not comply with the terms of the Stipulated Order, or if the Debtor ever became 30 days past due again, the trustee may submit an order dismissing the case without further notice.

On March 12, 2010, Trustee submitted an Order Dismissing Case (doc 69). Debtor filed a Motion to Vacate Dismissal of Case on March 25, 2010 citing Bankruptcy Rules 9023 and 9024 and Bankruptcy Code § 105 as authority (doc 71). As grounds, Debtor asserts that before she could get her wage withholding order in place she encountered unexpected expenses. She also states that she has paid over $30,000 into her plan and can pay the remaining $5,166 through eight payments of $646 which would be made every two weeks. As additional grounds, she argues that if she had to refile a chapter 7 case at this point, the BAPCPA means test

---

[1]Apparently Debtor never did this after the second modification, which directed wage withholding.

Case 05-13996-s13   Doc 79   Filed 08/13/10   Entered 08/13/10 15:37:14 Page 3 of 11

would cause a problem.  Trustee objected, citing the three prior
motions to dismiss and the Stipulated Order which resolved the
third motion.  Trustee states that only one payment was made
after the Stipulated Order was entered, and the case was properly
dismissed.  Trustee argues that the Stipulated Order should be
respected as a final order.

On June 1, 2010, the Court held a status conference on the
Motion to Vacate at which Debtor's attorney and the Trustee
appeared.  Debtor's attorney announced at the hearing that the
Debtor now preferred to convert the case to Chapter 7 and not
pursue completion of her plan.  Because the case had already been
dismissed (but was still open pending the Chapter 13 Trustee's
final report), the Court asked Debtor's attorney for points and
authorities that would allow a debtor to convert after dismissal.
The Court told the Trustee that she need not file a brief until
or unless the Court asked for one after reviewing Debtor's
submissions.  Debtor filed a brief on June 21, 2010.  The Court
has reviewed the brief and the pertinent authorities and finds
that the Motion to Vacate should be denied.

**<u>DISCUSSION</u>**

Under New Mexico law "the general rule is that stipulations
are ordinarily binding on the parties absent fraud, mistake,
improvidence, material change in circumstances, or unless
equitable considerations require otherwise."  <u>Jones v. Lee</u>, 126

Page -4-

N.M. 467, 472, 971 P.2d 858, 863 (Ct. App. 1998). Federal law is the same. In re New Mexico Properties, Inc., 18 B.R. 936, 941 (Bankr. D. N.M. 1982)(citation omitted.) A stipulated judgment is not a judicial determination but a contract between the parties to the stipulation. Id.

"It is not within the province of the courts to write a new contract for the parties. Absent any ambiguity, our duty is confined to interpreting the contract which they made for themselves." Lazo v. Board of County Commissioners of Bernalillo County, 102 N.M. 35, 38, 690 P.2d 1029, 1032 (1984)(quoting Thompson v. Occidental Life Insurance Co., 90 N.M. 620, 621, 567 P.2d 62, 63 (Ct.App.), cert. denied, 91 N.M. 4, 569 P.2d 414 (1977).)

The Court finds the Stipulated Order unambiguous. Therefore, this Court cannot rewrite the stipulated order but rather must enforce it absent fraud, mistake, improvidence, material change in circumstances, or unless equitable considerations require otherwise. Debtor's only argument is that it would be inequitable to not allow her to set aside the dismissal and convert after she has paid over $30,000 into the plan. The Court disagrees. Debtor voluntarily entered into the Stipulated Order after she had paid presumably over $29,000 into the plan. It anticipates dismissal if the clear requirements are not met. Debtor took a calculated chance that she would be able

to finish the plan and receive a discharge.  She miscalculated.
That is not inequitable.

Furthermore, Debtor is essentially asking the Court to
formulate a right or remedy under Bankruptcy Code § 105(a)[2].

> While the bankruptcy courts have fashioned relief under
> Section 105(a) in a variety of situations, the powers
> granted by that statute may be exercised only in a
> manner consistent with the provisions of the Bankruptcy
> Code.  That statute does not authorize the bankruptcy
> courts to create substantive rights that are otherwise
> unavailable under applicable law, or constitute a
> roving commission to do equity.

<u>United States v. Sutton</u>, 786 F.2d 1305, 1308 (5th Cir. 1986)
(citations omitted.)  The Code anticipates dismissal if plan
payments are not made.  Bankruptcy Code § 1307(c)(6) (2005)
provides:

> Except as provided in subsection (e) of this section,
> on request of a party in interest or the United States
> trustee and after notice and a hearing, the court may
> convert a case under this chapter to a case under
> chapter 7 of this title, or may dismiss a case under
> this chapter, whichever is in the best interests of
> creditors and the estate, for cause, including--
> ...
> (6)  material default by the debtor with respect to a
> term of a confirmed plan[.]

---

[2]That section provides:
The court may issue any order, process, or judgment
that is necessary or appropriate to carry out the
provisions of this title.  No provision of this title
providing for the raising of an issue by a party in
interest shall be construed to preclude the court from,
sua sponte, taking any action or making any
determination necessary or appropriate to enforce or
implement court orders or rules, or to prevent an abuse
of process.

Nothing in the Code suggests that a Debtor should have a fourth bite at the apple. The Court finds that setting aside the Stipulated Order would not be a proper use of §105(b). Furthermore, Debtor could have avoided this situation entirely by converting her case voluntarily before it was dismissed; she was presumably aware that she was not making required payments and that her case would be dismissed without further notice. In conclusion, the Court finds that the Stipulated Order should be enforced. Equitable considerations do not suggest otherwise. The Motion to Vacate should be denied.

Second, Debtor's Motion to Vacate does not specify under which rule it is filed; it refers to both Bankruptcy Rule 9023 and 9024. Rule 9023 deals with new trials and motions to alter or amend judgments, incorporating Fed.R.Civ.P. 59. Rule 9024 deals with relief from judgment or order, incorporating Fed.R.Civ.P. 60.

The Motion to Vacate is really in the nature of a motion for reconsideration. Although the federal rules do not recognize a motion for reconsideration, these motions are dealt with under either Rule 59 or 60. <u>Ysais v. Richardson</u>, 603 F.3d 1175, 1178 n. 2 (10th Cir. 2010). Formerly[3], when a motion for

---

[3]Both Fed.R.Civ.P. 59 and Fed.R.Bankr.P. 9023 were amended effective December 1, 2009. The amendment to Fed.R.Civ.P. 59 increased the time for filing post-judgment motions from ten days to twenty eight days. Fed.R.Bankr.P. 9023 adopts Fed.R.Civ.P. 59

(continued...)

Case 05-13996-s13    Doc 79    Filed 08/13/10    Entered 08/13/10 15:37:14 Page 7 of 11

reconsideration was filed within 10 days of the entry of the
judgment or order, it was deemed to be a Rule 59 motion and when
a motion for reconsideration was filed after 10 days it was
deemed to be a Rule 60 motion.  Id. (citing Van Skiver v. United
States, 952 F.2d 1241, 1243 (10th Cir. 1991))(decided under
former law).  In this case the Order Dismissing Case was entered
on March 12, 2010 and the Motion to Vacate was filed March 25,
2010.  Therefore it was filed within the 14 day window of the
amended Fed.R.Bank.P. 9023 and will be deemed a rule 59 motion.

> Grounds warranting a motion to reconsider include (1)
> an intervening change in the controlling law, (2) new
> evidence previously unavailable, and (3) the need to
> correct clear error or prevent manifest injustice.  See
> Brumark Corp. v. Samson Resources Corp., 57 F.3d 941,
> 948 (10th Cir. 1995).  Thus, a motion for
> reconsideration is appropriate where the court has
> misapprehended the facts, a party's position, or the
> controlling law.  Cf. Fed.R.App.P. 40(a)(2) (grounds
> for rehearing).  It is not appropriate to revisit
> issues already addressed or advance arguments that
> could have been raised in prior briefing.  See Van
> Skiver v. United States, 952 F.2d 1241, 1243 (10th Cir.
> 1991).

Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir.
2000).  Debtor's Motion to Vacate does not allege a change in the
law or new evidence previously unavailable or clear error.
Debtor perhaps believes that dismissal is manifest injustice, but
dismissal is what Debtor agreed to in the Stipulated Order.  It

---

³(...continued)
but limits the time for filing post-judgment motions to fourteen
days to conform to Fed.R.Bankr.P. 8002(a)'s deadline for filing a
notice of appeal.

Page -8-

cannot be unjust to receive exactly what one bargains for. Therefore, the Court finds that the Motion to Vacate does not meet the requirements of Rule 59 and should be denied.

As an additional reason, the Court believes that conversion after dismissal is not possible. Debtor correctly argues that Code § 1307(a) states that a debtor may convert a chapter 13 case to chapter 7 "at any time." Debtor also correctly argues that 1) unless the plain meaning of a statute is obviously at odds with the overall purposes of the code, the court should enforce it, citing United States v. Ron Paid Enterprises, Inc., 489 U.S. 235, 241 (1989) (citing Caminetti v. United States, 242 U.S. 470, 485 (1917)), and 2) when the language of a statute is plain, the sole function of the courts, when the disposition required is not absurd, is to enforce it according to its terms, citing Lamie v. United States Trustee, 540 U.S. 526, 534 (2004)(citing Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000)). Debtor argues that section 1307 is plain that a debtor may convert from 13 to 7 at any time including after dismissal. The Court disagrees.

First, the Court finds that allowing conversion "at any time" including after dismissal is at odds with the overall purposes of the code. A dismissal order takes effect immediately. In re Rivera, 280 B.R. 699, 701 (Bankr. S.D. Ala. 2001)("The law as to the status of a dismissed case is 'almost

Page -9-

unanimous' that an order dismissing a case is not stayed pursuant to Fed.R.Bankr.P. 7062."); Weston v. Franklin S. Cibula, a Law Corp. (In re Weston), 101 B.R. 202, 205 (Bankr. E.D. Ca. 1989), aff'd., 123 B.R. 466 (9th Cir. BAP 1991), aff'd., 967 F.2d 596 (9th Cir. 1992), cert. denied, 506 U.S. 1051 (1993)("[T]his court must find that the ten day stay within [Bankruptcy Rule 7062 and Fed.R.Civ.P. 62(a)] was not intended to apply to orders involving the dismissal of bankruptcy petitions without a contrary order of the court.")  Obviously, in any Chapter 13 dismissal the case itself remains alive for some time to allow the Chapter 13 trustee to wind up the estate and for the Court to rule on administrative expenses, unclaimed funds, or similar administrative matters.  In re Hill, 305 B.R. 100, 104 (Bankr. M.D. Fla. 2003).  To read the statute the way Debtor urges would allow every dismissed Chapter 13 debtor to convert to Chapter 7[4]. Debtors could thereby circumvent certain creditor protection sections of the code that prevent or penalize serial filings. See, e.g., Sections 109(g), 362(c)(3), 362(c)(4).  This does not seem to fit in with the overall purposes of the code.

Furthermore, an order of dismissal is a directive by the Court to the world that a debtor's bankruptcy protection has ended.  See 11 U.S.C. § 349(b)(3) (stating that upon dismissal

---

[4]Indeed, reading "at any time" without any limitations whatever would entitle a debtor to reopen any closed chapter 13 case and convert it.

Case 05-13996-s13    Doc 79    Filed 08/13/10    Entered 08/13/10 15:37:14 Page 10 of 11

property of the estate revests elsewhere, thereby terminating the estate) and 11 U.S.C. §§ 362(c)(1) and 362(c)(2)(B) (stating that automatic stay protection for estate property terminates when the property leaves the estate, stating that automatic stay protection for all other actions terminates when the case is dismissed). The Court finds it absurd that a debtor could unilaterally undo that directive simply by filing a notice of conversion.

In summary, the Court disagrees that "at any time" can be read to extend a debtor's ability to convert a chapter 13 past entry of an order of dismissal. A separate Order will enter denying the Motion to Vacate.

_Hon. James S. Starzynski_
Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: August 13, 2010

Copies to:

Christopher L Trammell
Attorney for Debtor
3900 Juan Tabo NE
Albuquerque, NM 87111-3984

Kelley L. Skehen
625 Silver Avenue SW
Suite 350
Albuquerque, NM 87102-3111

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608